# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JORDAN JOSEPH KINARD,** | )<br>) |
| Plaintiff, | ) Case No. 7:14CV00230<br>) |
| v. | ) **OPINION**<br>) |
| **GREGORY HOLLOWAY, ET AL.,** | ) By: James P. Jones<br>) United States District Judge |
| Defendants. | ) |

Plaintiff Jordan Joseph Kinard has filed his second Motion for Temporary Restraining Order (ECF No. 17), and his second and third Motions for Preliminary Injunction (ECF Nos. 13 and 17), in this prisoner civil rights action under 42 U.S.C. § 1983.[1] After review of the Complaint and his motions, I find that these motions must be denied.

In both the Complaint and the motions, Kinard alleges that his treating physician at Wallens Ridge State Prison, Dr. Miller, is aware that in March 2012, Kinard suffered likely soft tissue injuries to his shoulder which have caused, and continue to cause, severe pain and loss of mobility. Kinard has also advised Dr. Miller that a steroid shot in April 2014 and the medication provided to Kinard have not relieved his shoulder pain. Recently, Kinard has also developed pain in his

---

[1] Kinard has submitted a Supplemental Complaint, with attached motions seeking a temporary restraining order and a preliminary injunction. I have construed and docketed these submissions jointly as a Motion to Amend, which I shall grant.

neck and now fears that his pain might be related to undiagnosed bone cancer. Yet, Kinard complains, the doctor has merely ordered X rays of Kinard's shoulder and neck and has refused to order diagnostic tests capable of pinpointing the nature of the soft tissue injuries or other conditions causing his pain. Kinard moves the court to order the defendants to arrange for him to undergo an MRI of his shoulder and neck and for an orthopedic specialist and a neurologist to evaluate the injuries and recommend effective treatment and pain relief.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[2] *Id.* at 20. Because the primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits, interlocutory injunctive relief which changes the status quo pending trial cannot be "availed of to secure a piecemeal trial" and will only be granted when the court determines that "the

---

[2] Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have an opportunity to respond. Fed. R. Civ. P. 65(b). Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that Kinard is not entitled to a preliminary injunction, I find no basis upon which to grant him a temporary restraining order.

exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

After review of the record, I find that Kinard's motion for interlocutory injunctive relief must be denied. Kinard's motions seek to change the status quo — to achieve court-ordered changes to his course of medical care, which the defendants have not provided. Rather than maintaining the status quo between the parties, granting the requested relief would require prison officials to expend substantial resources and circumvent established prison procedures regarding medical consultations with experts and diagnostic testing. Moreover, Kinard has not demonstrated a likelihood that he will suffer irreparable harm absent the requested interlocutory court intervention. While his condition causes him pain, he is receiving pain medication. Kinard's submissions also do not indicate that the defendants' allegedly indifferent actions or omissions in delaying additional diagnostic testing or expert evaluation are likely to cause him additional or irreparable physical harm to his shoulder or neck.[3]

I cannot find that the balance of the equities tips in Kinard's favor or that the public interest will be best served by requiring prison officials to assume the financial burdens required for the requested expert evaluation and additional

---

[3] Kinard's speculative fears of bone cancer are not a sufficient basis for a finding of imminent, irreparable harm. *See Winter*, 555 U.S. at 22 (finding mere possibility of irreparable harm to be insufficient grounds for interlocutory relief).

testing before having a chance to develop the issues through the normal litigation processes. *Winter*, 555 U.S. at 20. "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.* at 24 (internal quotation marks and citations omitted); *see also Bell v. Wofish*, 441 U.S. 520, 548 n.29 (1979) (noting that operating penal institutions in manageable fashion involves "considerations [that] are peculiarly within the province and professional expertise of corrections officials" to which courts should give "substantial deference") (internal quotation marks and citation omitted); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) ("Questions of medical judgment are not subject to judicial review.").

Furthermore, in order to find that the "exigencies" of Kinard's situation warrant immediate court intervention despite the effect on the status quo, the court would have to decide the very legal questions Kinard raises in his complaint under the Eighth Amendment before defendants have had an opportunity to respond. Deciding issues in this piecemeal fashion is highly discouraged. *Wetzel*, 635 F.2d at 286.

For the stated reasons, I find that Kinard has not alleged facts showing any exigency that justifies altering the status quo or issuing piecemeal rulings on his medical claims. Therefore, I must deny Kinard's motion for preliminary injunctive relief.

-4-

A separate Order will be entered herewith. The clerk will send a copy of that Order and this Opinion to the plaintiff.

        ENTER: July 28, 2014

        /s/ James P. Jones
        United States District Judge