# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JORDAN JOSEPH KINARD,** | )<br>) |
| Plaintiff, | ) Case No. 7:14CV00230<br>) |
| v. | ) **OPINION**<br>) |
| **GREGORY HOLLOWAY, ET AL.,** | ) By: James P. Jones<br>) United States District Judge |
| Defendants. | ) |

*Jordan Joseph Kinard, Pro Se Plaintiff.*

Before the court are numerous motions and amendments from the pro se plaintiff, Jordan Joseph Kinard, which are hampering the efficient disposition of his initial claims regarding medical care for his injured shoulder. After review of the record, I conclude that Kinard's motions for interlocutory injunctive relief must be denied. His many other motions will be addressed by separate order as the court's schedule allows.

Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Interlocutory injunctive relief that changes the status quo

pending trial cannot be "availed of to secure a piecemeal trial." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

Kinard's motion seeking preliminary injunctive relief, filed in early August of 2014, alleged that in early July of 2014, Dr. Miller said he would not provide Kinard with any further medical treatment because of the lawsuit. I find from other information now in the record that this motion must be denied. Kinard's recent submissions clearly indicate that since early July, he has continued to receive pain medication and has been examined by a new doctor, who recommended shoulder exercises. Thus, the imminent, irreparable harm he alleged as a result of Dr. Miller's purported threat to stop treatment has not, in fact, occurred. Kinard believes that his overall course of treatment, including the prescribed medication, is not adequate, but this issue is part of the underlying lawsuit and will be addressed only after the defendants have had an opportunity to respond fully to the complaint during the normal course of litigation. I find no justification for deciding or ordering relief on these medical issues on an interlocutory basis, as Kinard has requested. Therefore, I must deny his Motion for Preliminary Injunctive Relief.

Kinard has also moved for a temporary restraining order, a motion he asks the court not to disclose for fear of retaliation. Finding no basis for such ex parte relief, I will summarize his allegations. Kinard alleges that on August 19, 2014, while performing a routine cell search, one officer told others to "fuck . . . up" Kinard's cell because he "filed that law suit against the Warden Mr. Combs and Doctor Miller and got Doctor Miller fired." (Mot. for TRO 1, ECF No. 48.) Kinard also alleges that the officers threatened to harm him physically if he did not withdraw the lawsuit in two weeks and "discarded all most [sic] all legal papers referencing" this lawsuit. (*Id.* 2-3.)

Temporary restraining orders are governed by Rule 65(b) of the Federal Rule of Civil Procedure. Such orders are issued only rarely, when the movant proves that he will suffer irreparable injury if relief is not granted before the adverse party could be notified and have an opportunity to respond. Fed. R. Civ. P. 65(b).

I find no reason to deprive prison officials of the opportunities inherent in the normal litigation process to respond to Kinard's allegations about the retaliatory threats and cell search. Moreover, the allegations and officials associated with Kinard's request for a restraining order are not relevant to the claims and defendants in this lawsuit, which only involves the course of medical treatment for his shoulder pain. Furthermore, Kinard offers no indication that he

-3-

Case 7:14-cv-00230-JPJ-RSB   Document 61   Filed 09/18/14   Page 3 of 4   Pageid#: 374

has exhausted his administrative remedies as to any claims associated with the alleged cell search and interference with his legal paperwork.  Thus, any litigation of these claims is currently barred under 42 U.S.C. § 1997e(a).  For these reasons, I will summarily deny Kinard's Motion for Temporary Restraining Order.

    A separate order will be entered.

                                   DATED:   September 18, 2014

                                   /s/  James P. Jones
                                   United States District Judge