# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JORDAN JOSEPH KINARD,** | )<br>) |
| Plaintiff, | ) Case No. 7:14CV00230<br>) |
| v. | ) **OPINION**<br>) |
| | ) By: James P. Jones |
| **GREGORY HOLLOWAY, ET AL.,** | ) United States District Judge<br>) |
| Defendants. | ) |

*Jordan Joseph Kinard, Pro Se Plaintiff.*

Plaintiff Jordan Joseph Kinard once again asks the court to direct his doctors what medical treatment to prescribe. As I have said repeatedly in denying Kinard's previous motions for interlocutory injunctive relief, this piecemeal litigation style will not be tolerated, and Kinard's current motion must be summarily denied.

Kinard now alleges that for three weeks, he has received no pain medication or other treatment for his shoulder pain. He claims, however, that a doctor (not a party to this lawsuit) examined him on October 13, 2014, and said nothing further could be done for his pain. Because Kinard clearly has not had time to exhaust available administrative remedies regarding these allegations, he is not entitled to bring legal action in this court. 42 U.S.C. § 1997e(a). Moreover, Kinard is clearly

receiving medical evaluation and simply disagrees with his doctor's treatment decision. As such, he has not demonstrated any likelihood of success on the merits of his newly minted claim against this physician. *See Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (finding that Eighth Amendment claim requires showing of deliberate indifference to serious medical need); *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (authorizing interlocutory injunctive relief only if plaintiff demonstrates, among other things, "that he is likely to succeed on the merits"). Finally, Kinard's current request for interlocutory injunctive relief is not properly filed in this civil action, as it is not directed at the current defendants. For these reasons, Kinard's request for interlocutory relief will be denied.[1]

A separate order will be entered.

DATED: October 22, 2014

/s/ James P. Jones
United States District Judge

---

[1] Kinard's prior motion seeking sanctions and interlocutory injunctive relief to obtain a particular medical procedure (ECF No. 51) must also be denied for the same reasons.